**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Tristan Desmond Rossum, | ) | No. CIV 12-391-TUC-CKJ (LAB) |
| Petitioner, | ) ) | **REPORT AND** |
| vs. | ) ) | **RECOMMENDATION** |
| Charles L. Ryan; et al., | ) ) | |
| Respondents. | ) ) ) | |

Pending before the court is a petition for writ of habeas corpus filed on May 21, 2012, by Tristan Desmond Rossum, an inmate confined in the Arizona State Prison Complex in Florence, Arizona. (Doc. 1) Rossum claims his trial counsel and appellate counsel were ineffective. *Id*. He further claims the prosecutor committed misconduct at his trial. *Id*.

Pursuant to the Rules of Practice of this court, this matter was referred to Magistrate Judge Bowman for report and recommendation. LRCiv 72.2(a)(2).

The Magistrate Judge recommends the District Court, after its independent review of the record, enter an order dismissing the petition. It is time-barred.

Summary of the Case

Rossum was convicted after a jury trial of "second-degree murder, drive-by shooting, and two counts of aggravated assault." (Doc. 10-1, p. 6) On June 12, 1996, the trial court gave Rossum sentences totaling 35 years' imprisonment. (Doc. 10-1, pp. 10-15)

1  On direct appeal, Rossum argued his statements to police should have been suppressed
2 because they were not given voluntarily. (Doc. 10-1, p. 6) Nevertheless, the Arizona Court of
3 Appeals affirmed Rossum's convictions and sentences on February 12, 1998. (Doc. 10, p. 2)
4 Rossum did not file a petition for review before the Arizona Supreme Court. (Doc. 10, p. 3)

5  On March 23, 1998, Rossum filed notice of post-conviction relief. (Doc. 10, p. 2) After
6 a considerable delay, on June 5, 2001, counsel filed notice that he could find no meritorious
7 issues to raise. (Doc. 10, p. 2-3) On March 10, 2003, Rossum filed his petition pro se arguing
8 (1) his Sixth Amendment right to counsel was violated because counsel was not present at the
9 jailhouse interview shortly after his arrest, (2) appellate counsel was ineffective for failing to
10 argue his confession was involuntary in violation of A.R.S. § 13-3988, (3) his right to equal
11 protection was violated because counsel's failure to be present at the jailhouse interview was
12 due to the fact that Rossum was indigent and counsel was court-appointed, (4) the jury was
13 selected on the basis of race violating his right to equal protection, and (5) his right to a fair trial
14 was violated by the prosecutor's attempt to tamper with the testimony of a witness. (Doc. 10,
15 p. 3); (Doc. 10-1, pp. 61-65)

16  The trial court found claims (4) and (5) precluded because they should have been raised
17 at trial or on direct appeal. (Doc. 10-1, pp. 61-65) The trial court denied claims (1), (2), and
18 (3) on the merits. *Id*. Rossum's motion for reconsideration was denied by the trial court on
19 January 16, 2004. (Doc. 10-2, p 6) The Arizona Court of Appeals granted review but denied
20 relief on December 16, 2004. (Doc. 10-2, p. 26) Rossum did not seek further review. (Doc. 10,
21 p. 3)

22  More than three years later, on June 23, 2008, Rossum filed a second notice of post-
23 conviction relief. (Doc. 10, p. 3) He filed a petition on December 31, 2008. (Doc. 10-4, p. 2)
24 On May 26, 2009, the trial court denied the petition. (Doc. 10-4, p. 35) Rossum did not seek
25 review from the court of appeals. (Doc. 10, p. 3)

26  Approximately three years later, on May 21, 2012, Rossum filed the pending petition for
27 writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1) He argues (1) trial counsel was
28 ineffective because (a) she was unable to secure a plea bargain with the state and (b) she did not

- 2 -

object to the consecutive sentences given for the two aggravated assault charges, (2) appellate counsel was ineffective for failing to argue that the defendant had no attorney present when he made incriminating statements to the police, and (3) the prosecutor committed misconduct by meeting with a witness just before he testified and suggesting that he change his story.  (Doc. 1, pp. 87, 97, 103)

On July 30, 2012, the respondents filed an answer arguing, among other things, that the petition is time-barred.  (Doc. 10)  Rossum did not file a reply.

The respondents are correct.  The petition is time-barred.

Discussion

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a).  A one-year limitation period applies to persons in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d).  The statute reads in pertinent part as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> \*    \*    \*
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The limitation period for Rossum's claims was triggered on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  On February 12, 1998, the Arizona Court of Appeals affirmed Rossum's convictions and sentences.  (Doc. 10-1, p. 5)   He then had 30 days to file a petition for review with the Arizona Supreme Court. Ariz.R.Crim.P. 31.19(a).

1  His judgment became final when he failed to do so on March 16, 1998[1]. *See Hemmerle v.*
2  *Schriro*, 495 F.3d 1069, 1073-74 (9th Cir. 2007), *cert. denied*, 555 U.S. 829 (2008).

3  The one-year limitation period began running the next day and ran for 6 days until it was
4  tolled on March 23, 1998, when Rossum filed notice of post-conviction relief. *See* 28 U.S.C.
5  § 2244(d)(2). Tolling pursuant to § 2244(d)(2) continued until his petition for review from the
6  Arizona Court of Appeals was denied on December 16, 2004. (Doc. 10-2, p. 26) The limitation
7  period began running again the next day and expired 359 days later on December 12, 2005.[2]
8  *See Hemmerle*, 495 F.3d at 1077.  Rossum filed his petition in this court on May 21, 2012. It
9  is time-barred.

10  In his petition, Rossum argues the limitation period should be equitably tolled because
11  he "lost paper work due to moves from institution to institution." (Doc. 1, p. 139) Also, he has
12  no attorney, knowledge of the law, legal books, or other help. *Id*. He further states, "I have also
13  been in special education all my life." *Id.*.

14  "[A] petitioner is entitled to equitable tolling [of the limitation statute] only if he shows
15  (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance
16  stood in his way and prevented timely filing." *Lakey v. Hickman*, 633 F.3d 782, 786 (9th Cir.
17  2011) (punctuation modified), *cert. denied*, 131 S.Ct. 3039 (2011). "The petitioner must
18  additionally show that the extraordinary circumstances were the cause of his untimeliness and
19  that the extraordinary circumstances made it impossible to file a petition on time." *Id.* "The
20  high threshold of extraordinary circumstances is necessary lest the exceptions swallow the rule."
21  *Id*.

22  Rossum asserts that he has no attorney, knowledge of the law, legal books, or other help.
23  (Doc. 1, p. 139) While that may be the case, "a pro se petitioner's lack of legal sophistication

---

[1] Because the 30th day, March 14, 1998, is a Saturday, the deadline ends on the next Monday, March 16, 1998. Ariz.R.Crim.P. 1.3 (a).

[2] Because the 359th day, December 10, 2005, is a Saturday, the deadline ends on the next Monday, December 12, 2005. Fed.R.Civ.P. 6(a)(1)(C).

is not, by itself, an extraordinary circumstance warranting equitable tolling." *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

Rossum further argues that he has lost paperwork due to moves between institutions. He does not, however, explain what paperwork was lost, when it was lost, and when he recovered it (if he did). Accordingly, he has not shown how the loss of that paperwork "made it impossible to file [his] petition on time." *See Lakey v. Hickman*, 633 F.3d at 786.

Finally, Rossum states that he has "been in special education all my life," but he does not explain why this is an "extraordinary circumstance" that "stood in his way and prevented timely filing." *See Lakey*, 633 F.3d at 786; *see also Bills v. Clark*, 628 F.3d 1092, 1100 (9th Cir. 2010) (Equitable tolling is available only where mental impairment is so severe that "petitioner was unable rationally or factually to personally understand the need to timely file" or "petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing."). Rossum is not entitled to equitable tolling.

RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order DISMISSING the petition for writ of habeas corpus. (Doc. 1) It is time-barred.

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 14 days of being served with a copy of this report and recommendation. If objections are not timely filed, they may be deemed waived.

The Clerk is directed to send a copy of this report and recommendation to the petitioner and the respondents.

DATED this 26th day of July, 2013.

Leslie A. Bowman
United States Magistrate Judge