WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tristan Desmond Rossum,<br><br>　　　　　Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>　　　　　Respondents. | No. CV-12-00391-TUC-CKJ<br><br>**ORDER** |

On July 29, 2013, Magistrate Judge Leslie A. Bowman issued a Report and Recommendation, (Doc. 11), in which she recommended dismissing Petitioner's Petition Under 28 U.S.C. §2254 for a Writ of Habeas Corpus by a Person in State Custody. (Doc. 1). Magistrate Judge Bowman advised the parties that written objections to the Report and Recommendation were to be filed within fourteen days of service of a copy of the Report and Recommendation pursuant to 28 U.S.C. §636(b).

On August 19, 2013, Petitioner filed a document entitled Petitioner Requests New Writ of Habeas Corpus Filed Based on Equitable Tolling Statute and *Atkins* Claims. (Doc. 12). On October 24, 2013, the Court Ordered Respondents to file a Response to Petitioner's Request. (Doc. 14). Respondents filed their Response on November 12, 2013. (Doc. 15).

I.   *Background*

On May 13, 1996, Petitioner was convicted of second-degree murder and two counts of aggravated assault. (Doc. 10-1 at p. 6). After his conviction, the trial court

sentenced Petitioner to 35 years of imprisonment. (Doc. 10-1 at p. 10-15). Petitioner appealed and on January 29, 1998, the Arizona Court of Appeals affirmed Petitioner's convictions and sentences. (Doc. 10-1 at p. 5-8). Petitioner did not file a petition for review before the Arizona Supreme Court.

On March 23, 1998, Petitioner filed a Notice of Post-Conviction Relief pursuant to Rule 32 of the Arizona Rules of Criminal Procedure. (Doc. 10-1 at p. 17-19). On June 5, 2001, appointed Rule 32 counsel filed a Notice informing the court that after reviewing the record, he was unable to find any meritorious claims to raise in a post-conviction proceeding. (Doc. 10-1 at p. 21-23). On March 10, 2003, Petitioner filed a *pro se* Rule 32 petition raising five separate claims for relief. (Doc. 10-1 at p. 25-37). On December 8, 2003, the trial court denied Petitioner's post-conviction Rule 32 petition. (Doc. 10-1 at p. 61-66). Petitioner filed a Motion for Reconsideration on January 9, 2004, (Doc. 10-2 at p. 2-4), which was denied by the trial court on January 16, 2004. (Doc. 10-2 at p. 6-7).

Petitioner appealed the trial court's denial of his Rule 32 petition. (Doc. 10-2 at p. 9-12). On December 16, 2004, the Arizona Court of Appeals granted Petitioner's petition for review but denied relief. (Doc. 10-2 at p. 26-27). Then, on June 23, 2008, Petitioner filed a Second Notice of Post-Conviction Relief. (Doc. 10-3). On May 26, 2009[1], the trial court denied Petitioner's second Rule 32 Petition. (Doc. 10-4 at p. 35-36). Petitioner did not seek review of that order. Approximately three years later on May 21, 2012, Petitioner filed the pending Petition Under 28 U.S.C. §2254 for a Writ of Habeas Corpus. (Doc. 1). In his Petition, Petitioner argues that his trial counsel was ineffective for failing to secure a plea bargain with the state and failing to object to the consecutive sentences he received for the two aggravated assault charges, his appellate counsel was ineffective for failing to argue that Petitioner had no attorney present when he made incriminating statements to police, and the prosecutor committed misconduct by meeting with a witness and suggesting the witness change his story prior to testifying.

---

[1] While the minute entry indicates that the order was issued on May 22, 2009, it was not filed until May 26, 2009.

On July 30, 2012 Respondents filed their Answer. (Doc. 10). Petitioner did not file a reply. On July 29, 2013, Magistrate Judge Leslie A. Bowman issued a Report and Recommendation in which she recommended dismissing Petitioner's Petition because it is time barred. (Doc. 11). Petitioner objected arguing that his Petitioner was entitled to equitable tolling due to his mental impairment. (Doc. 12).

II.     *Standard of Review*

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Pursuant to 28 U.S.C. § 636(b)(1), if a party makes a timely objection to a magistrate judge's recommendation, then this Court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." *See also Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection"); *United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir.2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made).

III.    *Statute of Limitations*

The AEDPA mandates that a one-year statute of limitations applies to applications for a writ of habeas corpus by a person in state custody. 28 U.S.C. § 2244(d)(1). Generally, the limitation period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[1] "The time during which a properly filed

---

[1] The AEDPA mandates that the limitation period begins to run from the latest of four possible dates; however, none of these are applicable to the instant case, and are therefore not considered here.

1 application for State post-conviction or other collateral review with respect to the
2 pertinent judgment or claim is pending shall not be counted toward any period of
3 limitation under this subsection." 28 U.S.C. § 2244(d)(2).

4 Petitioner's Petition is untimely. Petitioner's initial Rule 32 Petition proceedings ceased to be pending on December 16, 2004 after the Arizona Court of Appeals denied relief. Petitioner did not file his second Rule 32 Petition until June 23, 2008 over three years later. His second Rule 32 Petition ceased to be pending thirty (30) days after the trial court's May 22, 2009 denial of relief. Petitioner then took no action for nearly three years until May 21, 2012. Additionally, Petitioner does not argue in his objections that his Petition for habeas relief was timely filed. As such, after an independent review of the record, the Court finds that Petitioner's Petition Pursuant to 28 U.S.C. §2254 is untimely. *See Pace v. Diguglielmo*, 544 U.S. 408, 412-413 (2005).

*IV.   Equitable Tolling*

In his Objection, Petitioner argues that he is entitled to equitable tolling due to a severe mental impairment. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Mental incompetency may be an extraordinary circumstance that justifies equitable tolling of the AEDPA statute of limitations. *Laws v. Lamarque*, 351 F.3d 919, 923 (9th Cir. 2003). A determination of whether the limitations period should be tolled due to Petitioner's alleged mental illness is dependent on whether he was prevented from making a timely filing due to the severity of his mental illness. *Laws v. Lamarque*, 351 F.3d 919, 922-923 (9th Cir. 2003).

Eligibility for equitable tolling due to mental impairment requires the petitioner to:

> (1) … show his mental impairment was an 'extraordinary circumstance' beyond his control, by demonstrating the impairment was so severe that either (a) petitioner was unable rationally or factually to personally understand the need to timely file, or (b) petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate

>its filing.
>
>(2) Second, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance.

*Bills v. Clark*, 628 F.3d 1092, 1100 (9th Cir. 2010) (internal citations omitted). "The relevant question is: Did the mental impairment cause an untimely filing?" *Bills*, 628 F.3d at 1100 n.3 citing *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). In evaluating whether a petitioner is entitled to equitable tolling, the court must

>(1) find the petitioner has made a non-frivolous showing that he had a severe mental impairment during the filing period that would entitle him to an evidentiary hearing; (2) determine, after considering the record, whether the petitioner satisfied his burden that he was in fact mentally impaired; (3) determine whether the petitioner's mental impairment made it impossible to timely file on his own; and (4) consider whether the circumstances demonstrate the petitioner was otherwise diligent in attempting to comply with the filing requirements.

*Bills v. Clark*, 628 F.3d 1092, 1100-1101 (9th Cir. 2010). The mere allegation of mental incompetency by Petitioner in a verified pleading or affidavit may be enough to satisfy the "non-frivolous showing." *See Laws v. Lamarque*, 351 F.3d 919, 924 (9th Cir. 2003). However, an allegation of mental incompetency does not require the court to hold evidentiary hearings or permit discovery if the record was amply developed with evidence to indicate that Petitioner's alleged mental incompetence was not so severe as to cause his untimely filing. *Roberts v. Marshall*, 627 F.3d 768, 773 (9th Cir. 2010).

The record in this case establishes that Petitioner's alleged mental impairment was not so severe as to cause his untimely filing. Petitioner asserts that he has been in special education all his life. However, being in special education while in school does not sufficiently demonstrate a non-frivolous showing that Petitioner had a severe mental impairment during the filing period that would entitle him to an evidentiary hearing.

Petitioner also argues for the first time in his Request for a New Writ of Habeas Corpus that his prior appellate counsel indicated that seizures in Petitioner's brain may be

1  caused by different neurological or medical problems including head injury, infection or
2  some other reason and that his counsel attempted to have a physician examine Petitioner
3  for the purpose of an *Atkins* hearing.[2]  However, Petitioner does not argue that he actually
4  suffers from a mental impairment or that any alleged mental impairment caused his
5  untimely filing.  Petitioner only argues that if he was examined, a physician may have
6  found that Petitioner had a mental and developmental disability.  As such, Plaintiff has
7  failed to make a non-frivolous showing that he suffered from a mental impairment or
8  satisfy his burden that he was mentally impaired during the filing period.

9  Moreover, the record demonstrates that Petitioner understood the need to timely
10 file his petition.  The State record reveals that after Petitioner's direct appeal concluded,
11 Petitioner timely filed a *pro se* Notice of Post-Conviction Relief.  Petitioner then filed a
12 *pro se* Motion for Appointment of Counsel, which was granted by the court.  (Doc. 15-1,
13 p. 2-9).  After Petitioner's appointed counsel was unable to find any meritorious claims to
14 raise in a post-conviction proceeding, Petitioner filed a *pro se* Motion requesting an
15 extension of time to file a *pro se* petition for post-conviction relief.  In his Motion,
16 Petitioner noted that he had filed two prior *pro se* motions for extensions of time and
17 requested a ruling on his prior motions so that he could have a clear due date for his
18 petition.  (Doc. 15-2, p. 7-8).

19 Subsequently, Petitioner filed 8 *pro se* Motions to extend the time to file his
20 Petition.  (Doc. 15-2, p. 11-35).  Then, on March 10, 2003, Petitioner filed a *pro se* Rule
21 32 Petition raising 5 claims for relief.  After his *pro se* Rule 32 Petition was denied,
22 Petitioner filed a *pro se* Motion to extend his time to file a Motion for Reconsideration.
23 (Doc. 15-2, p. 51-52).  Later Petitioner timely filed a *pro se* Motion for Reconsideration
24 on January 9, 2004.  After his *pro se* Motion for Reconsideration was denied, Petitioner
25 filed a Motion to extend the time to file a petition for review of his Rule 32 Petition.
26 (Doc. 15-2, p. 59-60).

---

[2] Petitioner's reference to *Atkins*, likely implies the Supreme Court case, which held that capital punishment for the mentally retarded violates the Eighth Amendment. *Atkins v. Virginia*, 536 U.S. 304 (2002)

Accordingly, the record demonstrates that throughout Petitioner's post-conviction relief proceedings, he was aware of and understood the impending deadlines and made efforts to comply with those deadlines. In those instances, where he could not comply with the deadline, Petitioner filed motions seeking to extend the deadline. Further, the Court notes that in Petitioner's numerous motions for extensions of various deadlines in state court, Petitioner never once asserted that he suffered from any mental impairment. His requests for extensions primarily relied on his limited access to the prison's law library and his failure to timely receive necessary documentation.

V.   *Conclusion*

After an independent review of the record, the Court finds that there is no indication that any mental impairment prevented Petitioner from understanding the need to file his Petition within the prescribed deadline or rendered him unable to prepare a habeas petition and effectuate its filing. *See Bills v. Clark*, 628 F.2d 1092, 1100 (9th Cir. 2010). In fact, the record establishes that Petitioner did factually and rationally understand the need to timely file documents as evidenced by his numerous prior filings during his post-conviction proceedings, Petitioner paid close attention to his filing deadlines and submitted over ten motions seeking to extend various filing deadlines.

Further, in one motion, Petitioner specifically asked the State court to rule on two pending motions to extend deadlines so Petitioner would have a clear due date for his petition. (Doc. 15-2, p. 7-8). As such, it is evident that Petitioner understood the need to timely file his Petition and there is no evidence in the record or non-frivolous assertion by the Petitioner that a mental impairment prevented him from timely filing the instant Petition. Further, any lack of knowledge of the AEDPA's one year statute of limitations, is not sufficient to warrant equitable tolling. *See Johnson v. United States*, 544 U.S. 295, 311 (2005).

Accordingly, IT IS ORDERED:

1. The Report and Recommendation, (Doc. 11), is ADOPTED.

2. Petitioner's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Doc. 1) is DISMISSED WITH PREJUDICE.

3. Petitioner's Request for New Writ of Habeas Corpus filed Based on Equitable Tolling Statute and Atkins Claim, (Doc. 12), is DENIED.

4. The Clerk of the Court shall enter judgment in this matter and close the file.

Dated this 18th day of December, 2013.

_____
Cindy K. Jorgenson
United States District Judge